# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)**: 23-55772

**Case Name**: Kyland Young v. NeoCortext, Inc.

**Counsel submitting this form**: Tyler G. Newby

**Represented party/parties**: Defendant-Appellant

*Briefly describe the dispute that gave rise to this lawsuit.*

Defendant-Appellant is the developer of the Reface app, which allows users to create new content by replacing a face in a photo or short video clip with a different face, such as their own. Users of the Reface app typically make humorous modifications to photos and video clips from TV programs, movies, and Internet memes from a library compiled from online sources. Plaintiff-Appellee, a "cast member of several CBS shows," sued Defendant-Appellant for violation of his statutory right of publicity under Cal. Civ. Code § 3344. Plaintiff-Appellee alleges that the watermarks that appear on the images created with the free version, which he describes as "teasers," are commercial advertising which have the purpose of inducing users to sign up for the paid version to remove the watermarks. Defendant-Appellant asserts that (1) the Copyright Act preempts Plaintiff-Appellee's publicity claim; (2) Plaintiff-Appellee's claim is barred by both the First Amendment and California's anti-SLAPP statute; and (3) Plaintiff-Appellee fails to make a prima facie showing that Defendant-Appellant violated his right of publicity.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                    *1*                              Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

Defendant-Appellant filed a motion to dismiss and a special motion to strike pursuant to Cal. Civ. Proc. Code § 425.16. The district court denied both motions on the basis that (1) Plaintiff-Appellee's claim did not fall under the subject matter of copyright; (2) While Defendant-Appellant's use of Plaintiff-Appellee's image was made in furtherance of Defendant-Appellant's right of petition or free speech in connection with a public issue, the First Amendment did not bar Plaintiff-Appellee's claim; and (3) Plaintiff-Appellee made a prima facie showing that Defendant-Appellant violated his right of publicity.

The issues on appeal, which all pertain to Defendant-Appellant's special motion to strike pursuant to Cal. Civ. Proc. § 425.16, generally include (but are not limited to):

1. Whether Plaintiff-Appellee can demonstrate a probability of prevailing on his right of publicity claim;
2. Whether Plaintiff-Appellee's right of publicity claim is preempted by the Copyright Act;
3. Whether Plaintiff-Appellee's right of publicity claim is barred by the First Amendment; and
4. Whether Plaintiff-Appellee properly plead his claim pursuant to Cal. Civ. Code § 3344.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

On September 8, 2023, the parties filed a joint stipulation to stay this case (N.D. Cal. Case No. 2:23-cv-02496-WLH(PVCx)) pending the Ninth Circuit's resolution of Defendant-Appellant's appeal. The district court has not issued an order on the parties' stipulation yet.

**Signature** s/Tyler G. Newby    **Date** 9/19/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**    *2*    Rev. 12/01/2018